IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ZACHARY JOHNSON, et al.                                                    PLAINTIFFS

V.                                                    CIVIL ACTION NO. 1:09-CV-99-SA-JAD

THE OKOLONA MUNICIPAL SEPARATE
SCHOOL DISTRICT, et al.                                                    DEFENDANTS

## ORDER

Before the Court is Defendants' Motion to Dismiss [10]. For the reasons stated below, the Court grants the motion, and this case is dismissed without prejudice.

Plaintiffs filed their Complaint [1] on April 14, 2009. On April 15, 2009, the Court issued summons as to all Defendants [2]. On three occasions thereafter (June 19, 2009; July 29, 2009; and October 6, 2009), the Court notified the parties that service had not been effected on Defendants [4, 5, 6]. On October 22, the Court reissued summons as to all Defendants [7]. Plaintiffs filed proof of service as to all Defendants on October 30, 2009 [8, 9]. According to Plaintiffs' proof of service, the various Defendants were served on October 23-24, 2009. Defendants filed their Motion to Dismiss [10] on November 12, 2009.

Defendants argue that Plaintiffs' Complaint should be dismissed without prejudice as to all Defendants for failure to timely serve Defendants with process as required by Federal Rule of Civil Procedure 4(m). Defendants further argue that Plaintiffs' Complaint should be dismissed without prejudice as to Defendants Loudermill, Bean, Randle, and Gunn for insufficient service of process, pursuant to Federal Rule of Civil Procedure 4(e). Plaintiffs have not responded.

The Federal Rules of Civil Procedure state:

> If a defendant is not served within 120 days after the complaint is filed, the Court -
> on motion or on its own after notice to the plaintiff - must dismiss the action without

> prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Plaintiffs filed their Complaint on April 14, 2009. Therefore, their deadline for serving process on all Defendants was August 12, 2009. According to the record, Plaintiffs served all Defendants with process on October 23-24, 2009. Therefore, Plaintiff did not timely serve Defendants with process as required by Rule 4. An extension of time for service is mandatory when the plaintiff shows good cause. Millan v. USAA GIC, 546 F.3d 321, 326 (5th Cir. 2008). However, Plaintiffs have neither shown good cause for their failure to serve Defendants with process nor otherwise responded to Defendants' Motion to Dismiss.

For the reasons stated above, the Court grants Defendants' Motion to Dismiss, and this case is dismissed without prejudice. It is, therefore, unnecessary for the Court to address the sufficiency of Plaintiffs' service of process on Defendants Loudermill, Bean, Randle, and Gunn.

So ordered, this the 22nd day of January, 2010.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**