IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ZACHARY JOHNSON, et al.                                                                    PLAINTIFFS

V.                                                                      CIVIL ACTION NO. 1:09-CV-99-SA-JAD

THE OKOLONA MUNICIPAL SEPARATE
SCHOOL DISTRICT, et al.                                                                    DEFENDANTS

## ORDER

On March 22, 2010, the Court denied Plaintiffs' Motion for an Extension of Time as moot, as Defendants had filed a supplemental response. The Court set a deadline of March 29, 2010, for Plaintiffs to file a reply to Defendants' supplemental response. The deadline explicitly imposed by the Court was a day longer than the default deadline set by the procedural rules of this Court. See L.U.Civ.R. 7(b)(4); FED. R. CIV. P. (6)(a)(1), 6(d).

On March 29, 2010, Plaintiffs e-mailed several documents, including the purported reply, to the general chambers e-mail account of the undersigned. Since the advent of electronic filing, the United States District Courts for the Northern and Southern Districts of Mississippi have formulated and publicized a set of procedures and requirements for compliance with the Local Rules and Federal Rules of Civil Procedure with regard to the electronic docket. Those, procedures, set forth in the Court's Administrative Procedures for Electronic Case Filing, provide:

> Unless otherwise permitted by these procedures or otherwise authorized by the assigned judge, all documents submitted for filing in this district in civil and criminal cases, no matter when a case was originally filed, should be filed electronically by the attorney or shall be scanned and uploaded to the system by the Clerk's office.

Administrative Procedures for Electronic Case Filing, § 3 (N.D. Miss. Jan. 1, 2005), *available at* <http://www.msnd.uscourts.gov/adminprocedures.pdf>; see also L.U.Civ.R. Preamble (noting

that the Administrative Procedures for ECF govern causes in the Northern and Southern Districts of Mississippi). The Administrative Procedures define a "conventionally filed" document as "one presented to the Clerk . . . on 8 1/2 inch by 11 inch paper or other non-electronic, tangible format." Administrative Procedures for Electronic Case Filing, at § 6. Further, the Administrative Procedures explicitly warn that "[s]ending a document or pleading to the court via e-mail or facsimile does not constitute 'electronic filing.'" Id. at § 1. Therefore, a party that is not authorized to use the CM/ECF system may conventionally file a document by submitting it to the Clerk's office. Accordingly, Plaintiffs' e-mailing of documents to the general chambers e-mail account of the undersigned did not constitute "filing."

Although the Court applies less stringent standards to *pro se* litigants, they, like all other parties, must abide by procedural rules. Propes v. Quarterman, 573 F.3d 225, 232 (5th Cir. 2009); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). In the present case, Plaintiffs not only failed to follow the Court's procedural rules, but they also failed to comply with an explicit order from the Court. Further, one of the Plaintiffs is an attorney who has practiced in this jurisdiction and should, therefore, be familiar with the Court's rules and procedures.

The Court has the "inherent power to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." United States v. Colomb, 419 F.3d 292, 299 (5th Cir. 2005) (citing Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). Indeed, the Court has a duty to manage its docket "to achieve the orderly and expeditious disposition of cases." Id. (quoting Woodson v. Surgitek, Inc., 57 F.3d 1406, 1417 (5th Cir. 1995)). Plaintiffs filed a Motion to File Under Seal [23] on March 30, 2010, seeking to file documents as exhibits to the unfiled rebuttal. However, the Court previously warned that Plaintiffs' failure to file a rebuttal by the conclusion of March 29, 2010,

would constitute a waiver of Plaintiffs' right to file a rebuttal. Accordingly, the Court denies Plaintiffs' Motion to file Under Seal [23], and Plaintiffs' Motion for Reconsideration is now ripe for review.

So ordered on this, the 6th day of April, 2010.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**