**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ZACHARY JOHNSON, et al.**                                                               **PLAINTIFFS**

**V.**                                                            **CIVIL ACTION NO. 1:09-CV-99-SA-JAD**

**THE OKOLONA MUNICIPAL SEPARATE
SCHOOL DISTRICT, et al.**                                                  **DEFENDANTS**

**MEMORANDUM OPINION**

Before the Court is Plaintiffs' Motion for Reconsideration [14]. For the reasons stated below, the motion is denied.

**I. BACKGROUND**

On November 12, 2009, Defendants filed their Motion to Dismiss on the basis that Plaintiffs failed to serve Defendants with process within the time allowed by Federal Rule of Civil Procedure 4(m). Although Rule 4 mandates an extension of time for plaintiffs who show good cause for their failure to serve process within the allotted time,[1] Plaintiffs failed to respond to Defendants' Motion to Dismiss or otherwise show good cause for their failure to effect service. Accordingly, the Court granted Defendants' Motion to Dismiss on January 22, 2010, and dismissed Plaintiffs' case without prejudice.

Plaintiffs promptly filed a Motion for Reconsideration on February 8, 2010. Plaintiffs additionally sought leave to file restricted documents as exhibits to their Motion for Reconsideration. On February 10, 2010, the Court granted Plaintiffs' motion to restrict access to the exhibits. On the same day, Defendants filed a response to Plaintiffs' Motion for Reconsideration prior to their receipt

---

[1] See FED. R. CIV. P. 4(m) ("...if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

of the restricted documents.

On March 1, 2010, after their reply deadline had passed, Plaintiffs filed a motion for an extension of time in which to file a reply brief. Defendants opposed Plaintiffs' motion, arguing that Plaintiffs had displayed a pattern of untimeliness. On March 18, 2010, Defendants filed a supplemental response to Plaintiffs' Motion for Reconsideration, having received copies of the restricted documents. Therefore, the Court denied as moot Plaintiffs' motion for an extension of time in which to file a reply to Defendants' response and set a deadline of March 29, 2010, for Plaintiffs to file a reply to Defendants' supplemental response.[2] The Court explicitly warned that Plaintiffs' failure to file a reply would be construed as a waiver of their right to do so.

On March 29, 2010, Plaintiffs e-mailed several documents, including the purported reply, to the general chambers e-mail account of the undersigned, and on March 30, 2010, Plaintiffs filed a motion seeking leave to file attachments to the purported reply as restricted documents. The Court denied Plaintiffs' motion, citing Plaintiffs' failure to properly file a reply by the deadline imposed by the Court. Accordingly, Plaintiffs' Motion for Reconsideration is now ripe for review.

## II. DISCUSSION

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but the Fifth Circuit Court of Appeals has held that a district court may entertain such a motion and treat it as a motion to alter or amend under Rule 59(e) or as a motion for relief from judgment under Rule 60(b). Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n. 1 (5th Cir. 2004); Ellis v. Miss. Dep't of Health, 2009 U.S. Dist. LEXIS 11441, *2 (N.D. Miss. Feb. 5, 2009),

---

[2]The deadline imposed by the Court was a day longer than the default deadline set by the procedural rules of this Court. See L.U.Civ.R. 7(b)(4); FED. R. CIV. P. (6)(a)(1), 6(d).

2

affirmed, 344 Fed. Appx. 43 (5th Cir. 2009); Williamson Pounders Architects, P.C. v. Tunica County, 2008 U.S. Dist. LEXIS 55145, *2 (N.D. Miss. July 21, 2008), affirmed, 2010 U.S. App. LEXIS 2738, *2 (5th Cir. Feb. 9, 2010). "If the motion for reconsideration is filed and served within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." Shepherd, 372 F.3d at 328 n.1.

The Court entered its order on Defendants' Motion to Dismiss on January 22, 2010. Plaintiffs filed their Motion for Reconsideration on February 8, 2010 - seventeen days later. Therefore, the Court will treat it as a Rule 60(b) motion. See Id.; FED. R. CIV. P. 6(a)(1).

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1)    mistake, inadvertence, surprise, or excusable neglect;

    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)    the judgment is void;

    (5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or

    (6)    any other reason that justifies relief.

FED. R. CIV. P. 60(b). A Rule 60(b) motion may also be used "to rectify an obvious error of law, apparent on the record." Benson v. St. Joseph Reg'l Health Ctr., 575 F.3d 542, 547 (5th Cir. 2009).

"The cases show that although the courts have sought to accomplish justice, they have

administered Rule 60(b) with a scrupulous regard for the aims of finality." 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2857 (2d ed. 2010). Moreover, relief under 60(b) is "extraordinary[,] . . . and the requirements of the rule must be strictly met." Longden v. Sunderman, 979 F.2d 1095, 1102 (5th Cir. 1992). A motion for reconsideration "cannot be used to raise arguments which could, and should, have been made before" the Court issued its decision. Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004).

First, Plaintiffs argue that they effected service of process within a time period directed by the Court. They allege that on October 6, 2009, they were told by an employee at the office of the Clerk of the Court that they had thirty days to serve process on Defendants. Plaintiffs argue that this communication constitutes an order from the Court that service be effected within a specified time, as contemplated by Rule 4(m). Second, Plaintiffs argue that they had good cause for their failure to timely serve process on Defendants.[3]

Both of Plaintiffs' arguments are premised upon information available to them prior to the Court's decision to dismiss their case. Plaintiffs nonetheless failed to respond to Defendants' Motion to Dismiss. When a party requests reconsideration pursuant to Rule 60(b) on the basis of evidence that was available prior to the Court's determination yet was not timely submitted, she "must proceed under either Rule 60(b)(1), providing for reconsideration upon mistake, inadvertence, surprise or excusable neglect, or Rule 60(b)(6), providing for reconsideration upon any other reason

---

[3]Plaintiffs also argue that they properly served process on Defendants Loudermill, Bean, Randle, and Gunn. However, this argument is irrelevant to Plaintiffs' Motion for Reconsideration, insofar as the Court expressly declined to address Defendants' argument concerning deficiencies in Plaintiffs' service on those Defendants. Johnson v. Okolona Mun. Separate Sch. Dist., 2010 U.S. Dist. LEXIS 4992, *3-*4 (N.D. Miss. Jan. 22, 2010) ("It is, therefore, unnecessary for the Court to address the sufficiency of Plaintiffs' service of process on Defendants Loudermill, Bean, Randle, and Gunn.").

4

that justifies relief." Great Lakes Reinsurance (UK), PLC v. Durham Auctions, Inc., 2008 U.S. Dist. LEXIS 77883, *4-*5 (S.D. Miss. June 16, 2008) (citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990)). However, "relief under Rule 60(b)(6) is mutually exclusive from relief available under sections (1)-(5)." Hesling v. CSX Transp., Inc., 396 F.3d 632, 643 (5th Cir. 2005) (citing Transit Cas. Co. v. Security Trust Co., 441 F.2d 788, 792 (5th Cir. 1971)). Therefore, "[t]he reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)." Id. (citing Hess v. Cockrell, 281 F.3d 212, 215 (5th Cir. 2002)).

In the present case, Plaintiffs have not structured their arguments within the framework provided by Rule 60(b). However, the Court construes Plaintiffs' first argument - premised upon alleged communication with the clerk's office - as one under Rule 60(b)(1) and construes Plaintiffs' second argument - premised upon "good cause" - as one under Rule 60(b)(6).

*A.     Rule 60(b)(1)*

Rule 60(b)(1) permits relief for mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b)(1). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for Rule 60(b)(1) relief." Castleberry v. Citifinancial Mortg. Co., 230 Fed. Appx. 352, 356 (5th Cir 2007) (citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 356-57 (5th Cir. 1993)); see also Martin v. Akzo Nobel Polymer Chems., LLC, 180 Fed. Appx. 519, 521 (5th Cir. 2006). "To the extent the 'mistake' is one by the court, . . . a plaintiff's claim of 'mere legal error' does not warrant Rule 60(b)(1) relief." Id. (citing McMillan v. Mbank Fort Worth, N.A., 4 F.3d 362, 367 (5th Cir. 1993)).

The record contains no evidence of any communication from the clerk's office. Accordingly, the Court rejects Plaintiffs' argument premised upon such allegations. Nevertheless, even if the

5

Court were to accept Plaintiffs' allegations as true, a communication from a clerk's office employee does not constitute an extension of the service period prescribed by the Rules of Civil Procedure. See Vannoni v. TSO, 120 F.R.D. 501, 502-03 (E.D. Pa. 1988) (letter from clerk's office did not constitute an extension of time for service of process) (citing Braxton v. United States, 817 F.2d 238 (3rd Cir. 1987)).

Plaintiffs failed to comply with the rules concerning service of process and then failed to respond to Defendants' Motion to Dismiss. Accordingly, the Court rejects Plaintiffs' argument premised upon an alleged communication from the clerk's office. See Castleberry, 230 Fed. Appx. at 356 (gross carelessness, ignorance of the law are not sufficient basis for Rule 60(b)(1) relief); Martin, 180 Fed. Appx. at 521 (party's ignorance of rules or misconstruction of their applicability did not constitute excusable neglect under Rule 60(b)(1)); Buckley v. Donohue, 100 Fed. Appx. 275, 278 (5th Cir. 2004) (where party failed to timely file a response to a dispositive motion or timely request an extension of time to respond, district court did not abuse its discretion in denying a motion for reconsideration).

### B. *Rule 60(b)(6)*

Rule 60(b)(6) is a "catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." Hess, 281 F.3d at 216. Motions under Rule 60(b)(6) "will be granted only if extraordinary circumstances are present." Id. (citing Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995)); see also Munoz v. Fortner, 308 Fed. Appx. 816, 818 (5th Cir. 2009). Under Rule 60(b)(6), Plaintiffs "need not show excusable neglect in order to prevail," but "the newly-submitted evidence must establish a fact 'so central to the litigation that it shows the initial judgment to have been manifestly unjust.'" Lavespere, 910 F.2d at 173 (quoting

6

Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980)). However, "an unexcused failure to present evidence available at the time of [the decision on the underlying motion] provides a valid basis for denying a subsequent motion for reconsideration." Templet, 367 F.3d at 479.

Plaintiffs argue that they had good cause for failing to serve process on Defendants within the 120-day period prescribed by Rule 4(m), and they submitted restricted documents in support of their argument. It is undisputed that the facts underlying Plaintiffs' good cause argument "were well within [Plaintiffs'] knowledge" prior to the Court's decision. Id. However, Plaintiffs failed to respond to Defendants' Motion to Dismiss. Accordingly, the Court rejects Plaintiffs' good cause argument. See Id. (district court was not manifestly unjust in law or fact by denying motion for reconsideration where party failed to present facts and arguments within their knowledge prior to the court's entry of judgment).

### III. CONCLUSION

The Court has the "inherent power to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." United States v. Colomb, 419 F.3d 292, 299 (5th Cir. 2005) (citing Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). Indeed, the Court has a duty to manage its docket "to achieve the orderly and expeditious disposition of cases." Id. (quoting Woodson v. Surgitek, Inc., 57 F.3d 1406, 1417 (5th Cir. 1995)).

A plaintiff's *pro se* status does not, standing alone, constitute good cause for failure to effect service. Sys. Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013-14 (5th Cir. 1990). Although the Court applies less stringent standards to *pro se* litigants, they, like all other

7

parties, must abide by procedural rules.  Propes v. Quarterman, 573 F.3d 225, 232 (5th Cir. 2009); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).  Indeed, a plaintiff's good faith attempt to comply with procedural rules and court orders is insufficient to merit Rule 60(b) relief. Castleberry, 230 Fed. Appx. at 357.

Plaintiffs have displayed a pattern of untimeliness and neglect of the procedural rules governing civil matters before this Court.  They failed to respond to Defendants' Motion to Dismiss, failed to comply with deadlines related to briefing their own Motion for Reconsideration, and have offered no evidence or argument that provides relief under Rule 60(b).

For the reasons stated above, the Court denies Plaintiffs' Motion for Reconsideration of the Court's order dismissing this cause without prejudice.  So ordered on this the 6th day of May, 2010.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**